829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earl James ROBBINS, Defendant-Appellant.
 No. 86-5140
 United States Court of Appeals, Fourth Circuit.
 Submitted April 30, 1987.
Decided September 2, 1987.
 
 (Brown Hugo Payne, PAYNE & PAYNE, on brief), for appellant.
 (Michael W. Carey, United States Attorney; Nancy C. Hill, Assistant United States Attorney, on brief), for appellee.
 Before WIDENER, JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Earl Robbins was convicted of three counts of mailing threatening letters pursuant to 18 U.S.C. Sec. 876. Robbins addressed each of these letters to Sandra Bibbs, an ex-girlfriend and the mother of Robbins' two children. In two of the letters, Robbins threatened to harm Bibbs. In one letter, he threatened to kill Judge Lilly, a state court judge who sent Robbins to Weston State Hospital for psychiatric evaluation.
 
 On appeal, Robbins raises three errors:
 
 2
 (1) The district court erred in allowing into evidence testimony about Robbins' previous trial and conviction;
 
 
 3
 (2) The district court erred in admitting a typewritten copy of a letter allegedly written by Robbins; and
 
 
 4
 (3) The district court erred in excluding testimony by the director of medical evidence at Weston State Hospital concerning Robbins' diagnosis.
 
 
 5
 Robbins challenges Judge Lilly's testimony about Robbins' indictment for malicious wounding. The malicious wounding charge arose from an incident in which Robbins shot at Sandra Bibbs and a man she was dating, injuring both of them. Judge Lilly also testified that Robbins was arrested for kid-napping his own son, and that Robbins later was arrested for escaping from custody.
 
 
 6
 Robbins' counsel did not object at trial to any of that testimony. To challenge on appeal the admission of that testimony, Robbins must show that admitting the testimony is 'plain error[ ] affecting substantial rights.' Fed. R. Evid. 103(d).
 
 
 7
 The testimony concerning the charge of malicious wounding is clearly relevant. Robbins alluded to the incident in one of his threats to Bibbs. The other testimony served merely to establish a chronology explaining when and why Judge Lilly had contact with Robbins. We find no plain error in the admission of that testimony.
 
 
 8
 Robbins also challenges the admission into evidence of a typewritten copy of the first threatening letter Robbins wrote. Bibbs testified that she brought the letter to Judge Lilly, who had his secretary type a copy. The judge either gave the original back to Bibbs or filed it. The letter can no longer be found.
 
 
 9
 The rules of evidence state that a copy of a letter may be introduced if the original is unavailable, absent any bad faith. Fed. R. Evid. 1004(1). Robbins presented no evidence of bad faith. In addition, the copy was clearly identified as the same in substance as the original by both Lilly and Bibbs. We find no error in the admission of the copy of the original letter.
 
 
 10
 Robbins argues that information supportive of his insanity defense was excluded when the district court refused to allow Rea Riley, director of medical records at Weston State Hospital, to testify to information included in Robbins' medical records. The district court instructed Robbins' counsel that such information could be introduced when the expert witness testified.
 
 
 11
 The expert witness, Dr. Whelan, testified concerning his diagnosis that Robbins suffered from paranoid schizophrenia. The record reflects no information that Robbins' counsel wished to introduce that was excluded. Nor does it appear that any relevant information was excluded. We find no error in not allowing Rilley to testify about the medical conclusions in Robbins' records. That information was presented when the psychiatrist testified.
 
 
 12
 To the extent Robbins argues in connection with his third claim that he was incompetent to stand trial, we find that argument also to be unsupported by the record. Robbins' phychiatric evaluation resulted in a report finding him competent to stand trial. When Robbins offered no objection to that report or any evidence contrary to it, the district court properly found him competent to stand trial.
 
 
 13
 We find no error in the district court's rulings. Accordingly, we affirm the judgment below. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 14
 AFFIRMED.